IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SILVIO PERILLI and RHODA PERILLI,

    Plaintiffs,

v.                                   Civil Action No. 5:10CV56
                                          (STAMP)
NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I. <u>Procedural History</u>

The plaintiffs commenced this civil action in the Circuit Court of Ohio County, West Virginia to recover damages as a result of the defendant's alleged improper handling of their underlying uninsured motorist ("UM") claim. The accident giving rise to the plaintiffs' underlying UM claim occurred on February 4, 2006 in Wheeling, West Virginia when, allegedly, Leslie M. Chuderwiez negligently collided with the plaintiffs' vehicle, causing serious permanent injuries. After settling the underlying claim, the plaintiffs brought this first-party bad faith suit against their automobile insurer, Nationwide Mutual Insurance Company ("Nationwide"), alleging that Nationwide improperly handled the UM claim, which forced the plaintiffs to file the underlying suit. The complaint includes the following causes of action: (1) common law claim misconduct; (2) violations of the West Virginia Unfair Trade Practices Act ("WVUTPA"); (3) breach of contract; (4) breach

of the implied covenant of good faith and fair dealing; and (5) violation of fiduciary duty. The complaint further alleges that the plaintiffs are entitled to punitive damages and that they substantially prevailed in the underlying suit.

On May 21, 2010, the defendant removed the case to this Court pursuant to 28 U.S.C. § 1332, asserting that complete diversity of citizenship exists and that the potential judgment, if the plaintiffs were to prevail on the merits of the case, exceeds $75,000.00, exclusive of interest and costs. Since the time of removal, the parties have conducted significant discovery and, more recently, filed and briefed numerous motions, including a motion for summary judgment, a motion in limine, and a motion to bifurcate the punitive damages portion of the trial. On June 13, 2011, over a year after this case was removed, fifteen days before trial was scheduled to begin, and the day of the pretrial conference, the plaintiffs filed a motion to remand asserting, for the first time, that the defendants have failed to establish that the amount in controversy exceeds the jurisdictional amount. At the pretrial conference held on June 13, 2011, this Court set a consolidated briefing schedule for the motion to remand. The plaintiffs' motion to remand is now fully briefed and is pending before this Court. For the reasons set forth below, the plaintiffs' motion to remand is granted.

II. <u>Facts</u>

Shortly after the February 4, 2006 accident, Nationwide became aware of the plaintiffs' claims against Ms. Chuderwiez and inspected and appraised the property damage to the plaintiffs' vehicle. After confirming the liability of Ms. Chuderwiez, Nationwide contacted the purported liability insurer, GEICO. On February 23, 2006, Nationwide learned that Ms. Chuderwiez was not insured by GEICO at the time of the accident. Therefore, Nationwide opened a UM claim. Over the next several months, Nationwide sent multiple requests for medical information to plaintiffs' counsel, but received no response until February 5, 2007. Nationwide and the plaintiffs exchanged settlement offers up until the time when the plaintiffs filed the underlying suit. When the parties met for mediation, the plaintiffs provided additional medical bills and records related to the accident. Based upon this new information, the parties agree to settle the underlying suit for $50,000.00.

Prior to the eventual settlement, and despite liability being clear, the plaintiffs allege that Nationwide wrongfully denied them their UM vehicle insurance policy benefits. Specifically, the plaintiffs contend that Nationwide repeatedly denied their numerous demands to settle their claim for the UM vehicle insurance policy benefits. According to the plaintiffs, because Nationwide refused to timely settle the UM claim, they were required to hire an

attorney to file the underlying lawsuit. The plaintiffs further argue that Nationwide was in possession of evidence proving that the value of the UM claim exceeded its settlement offers, yet Nationwide failed to negotiate in good faith and delayed in honoring the claim and settling the case.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). As has been often stated, the party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Importantly, a motion to remand based upon lack of subject matter jurisdiction may be raised "at any time before final judgment." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); see State v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990). Indeed, defects in subject matter jurisdiction can even be raised for the first

time on appeal.  See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951).  However, the court is limited to a consideration of facts on the record at the time of removal.  See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) (stating that in assessing whether removal was proper, the district court has before it only the limited universe of evidence available when the motion to remand is filed).

## IV.  Discussion

In their motion to remand, the plaintiffs contend that federal jurisdiction is lacking because the defendants have failed to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  The plaintiffs highlight the fact that the ad damnum clause of their complaint demanded judgment against the defendants in excess of the minimum jurisdictional limit of the Circuit Court of Ohio County, West Virginia, which is far less than $75,000.00.  The plaintiffs also note that prior to the filing of the complaint, they did not make a demand for an amount equal to or in excess of $75,000.00.  Moreover, at the time of removal, the defendant had made no settlement offers, let alone an offer in excess of the amount in controversy requirement.  The plaintiffs contend that the defendant has relied upon speculation rather than facts, and thus it has not met its burden of proof with regard to the amount in controversy.

5

In response, the defendant argues that it has met its burden of proving that the amount in controversy exceeds the jurisdictional amount. In support of its position, the defendant states that because the plaintiffs failed to allege a specific amount of damages, the court may consider the complaint, as well as the removal notice and other relevant materials in the file when conducting its inquiry as to whether the amount in controversy is satisfied. If this Court considers the potential recovery of attorney's fees and punitive damages in conjunction with the amount of the underlying settlement, the defendant argues that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.[1]

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins</u>

---

[1] The defendant reaches this conclusion by adding the principal amount of the underlying attorney's fees claims ($22,500.00), the litigation costs and interest from the date of the underlying accident ($12,500.00), and the estimated amount of a jury award for compensatory damages, which the defendant argues could exceed $40,000.00.

v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

After careful consideration of the record in this case, this Court must find that the defendant has not met its burden of proof with regard to the amount in controversy. "The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal." Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) (citing Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1110-11 (D.N.M. 2000)). In this case, the defendant's contention that the plaintiffs could possibly recover an award in excess of $75,000.00 is speculation. Even if this Court uses the $50,000.00 underlying settlement as a "guidepost" for bad faith damages, as the defendant suggests, it does not follow that a damage judgment in this case will be in excess of $75,000.00. As this Court has previously stated in other cases, "the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction." Fahnestock v. Cunningham, No. 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va.) (citing Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 938 (S.D. W. Va. 1996)).

Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The notice of removal does not include any documents, affidavits or evidence in support of the defendant's damages calculations. Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum.

Given the thirteen-month delay in moving for remand, it is perhaps understandable that the defendant characterizes the motion to remand as "a thinly veiled effort to avoid the June 28 trial date in this action." (Def.'s Resp. to Mot. to Remand 9.) This delay does not waive the plaintiffs' challenge to federal jurisdiction, even though it is inconvenient for both the parties and this Court given the late stage of these proceedings and the quickly approaching trial date. This Court agrees with the sentiments of the Honorable Richard Allen Posner, who discussed a similar delayed jurisdictional challenge in a Seventh Circuit Court of Appeals case:

> It may have been reprehensible of [the plaintiffs] to delay as long as they did to raise a jurisdictional objection, and it may even (though this we need not decide either) have been a sanctionable tactic, but assuming federal jurisdiction where none exists is not a permissible sanction for anything. Napoleon at his coronation took the imperial crown out of the hands of the Pope and crowned himself. Federal judges do not have a similar prerogative. A court that does not have jurisdiction cannot assume it, however worthy the cause.

In re Brand Name Prescription Drugs Antitrust Litig., 248 F.3d 668, 670 (7th Cir. 2001).

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. The defendant's motion for summary judgment (Doc. 28), motion in limine (Doc. 32), and motion to bifurcate punitive damages portion of trial (Doc. 37) are DENIED WITHOUT PREJUDICE to being brought before the state court. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 17, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE